SUE JEWELL, Plaintiff-Appellee, *v.* BOARD OF EDUCATION, DU QUOIN COMMUNITY UNIT SCHOOLS, DISTRICT NO. 300, *et al.*, Defendants-Appellants.

(No. 72-359; )

Fifth District—May 27, 1974.

Jerry B. Smith and Don Johnson, of Hohlt, House, DeMoss & Johnson, of Du Quoin, for appellants.

R. N. Gandy and R. K. Peek, both of Du Quoin, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

The plaintiff, Sue Jewell, was employed by defendant, Board of Education of Community Unit School District No. 300, Perry County, Illinois, as a guidance counselor on October 15, 1969. At a regular meeting on March 18, 1971, a hearing was held by defendant to consider the dis-employment of plaintiff as a non-tenure teacher. Plaintiff's attorney, Robert N. Gandy, spoke on behalf of plaintiff at the hearing.

Thereafter, a general discussion occurred concerning the reasons given for dismissal. Following this discussion, defendant decided that the high school principal, Hewey Tweedy, should appear at a subsequent hearing to discuss plaintiff's dismissal. Plaintiff and her attorney requested and were granted permission to attend the hearing.

On March 25, 1971, the hearing was held at which plaintiff and her attorney spoke and a general discussion followed concerning plaintiff's employment. Thereafter, defendant voted to go into executive session to discuss plaintiff's case. The Board was polled and indicated unanimously that plaintiff should not be rehired. A motion was then made by one member and seconded by another to dismiss plaintiff and send her notice of said dismissal by registered mail with reasons set forth therein for the dismissal. This motion was prepared in writing by the secretary. The defendant then went from executive session into open session. The written motion was read by the secretary giving the names of the members who made and seconded the motion. This reading was followed by a roll call vote which vote was unanimously in favor of the motion.

On April 29, 1971, plaintiff filed a complaint in the Circuit Court of Perry County. Subsequently, the defendant filed several motions for summary judgment along with a motion to amend the minutes so that the minutes would reveal what actually occurred. The trial court held several hearings and to summarize the results the court allowed the amendments to the minutes; however, the court determined that the procedure utilized by the defendant in dismissing the plaintiff did not constitute compliance with the open meeting law. The court awarded the plaintiff

damages in the amount of $11,600 and tenure. After defendant's post trial motion was denied this appeal followed.

The initial question to be answered is what exactly happened at the March 25, 1971, meeting of the Board of Education. It appears that the minutes of the meeting were amended by the secretary and the amended minutes attested to by the Board several months after the meeting took place. The Board members stated that the amendment was necessary to reflect what actually happened at that meeting. The plaintiff presented several witnesses who testified that there was no roll call vote taken after the Board returned from executive session but that the secretary merely read the motion and announced the vote was taken in executive session. The plaintiff maintains that these witnesses were disinterested and thus their testimony should be believed over that of the members of the Board who testified to the contrary. An examination of the record reveals that all of the witnesses called by the plaintiff, who are allegedly disinterested, were at the meeting, at least in part, because of their positions in either the Du Quoin Educational Association or the Illinois Education Association.

■■ The trial court found the facts to be as we have previously stated. A reviewing court will not reverse a ruling on a factual question unless there has been a clear abuse of discretion by the trial court. (*Lukich v. Angeli*, 31 Ill.App.2d 20, 175 N.E.2d 796.) The credibility of witnesses is for the trial court, and the findings of the trial judge in non-jury cases will not be disturbed unless they are manifestly against the weight of the evidence. (*Brown v. Zimmerman*, 18 Ill.2d 94, 163 N.E.2d 518; *Arakie v. Hatoff*, 5 Ill.App.3d 1073, 284 N.E.2d 703.) After considering the argument of the plaintiff we cannot say that the trial judge's finding on this issue was erroneous or that it was manifestly against the weight of the evidence. We therefore must reject the argument of the plaintiff that the Board of Education amended their records to suit their pleasure, or convenience, or to set up a state of facts which never existed.

The question then becomes whether or not the Board of Education complied with the open meeting law which provides:

> "All meetings of any legislative, executive, administrative or advisory bodies of the State, counties, townships, cities, villages, incorporated towns, school districts and all other municipal corporations, boards, bureaus, committees or commissions of this State, and any subsidiary bodies of any of the foregoing including but not limited to committees and subcommittees which are supported in whole or in part by tax revenue, or which expend tax revenue, shall be public meetings * * *.
>
> This Section does not prevent any body covered by this Act

from holding closed sessions to consider information regarding appointment, employment or dismissal of an employee or officer or to hear testimony on a complaint lodged against an employee or officer to determine its validity, but no final action may be taken at a closed session." Ill. Rev. Stat. 1971, ch. 102, par. 42.

The open meeting law thus prohibits final action at a closed session. We therefore must determine whether the act of dismissing the plaintiff occurred at a closed session. The trial court found that the act of dismissing Sue Jewell did occur at a closed session, and ordered that she be given tenure with all back pay due her.

In order to determine what "final action" means we shall use the following rule of construction to aid us in the interpretation of the open meeting law. (Ill. Rev. Stat. 1971, ch. 102, par. 42.)

"All general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the General Assembly may be fully carried out." Ill. Rev. Stat. 1971, ch. 131, par. 1.01.

The defendant suggests "final action", as this term is used in the open meeting law and as applied to the facts of this case, must be interpreted to mean either the vote to dismiss or the mailing of the written notice of dismissal. When the employment of a probationary teacher is terminated, it is done as through a notification that the contract of employment will not be renewed or in effect that the teacher will not be re-employed for the subsequent school term. The teacher is not dismissed currently, but is merely notified that she will not be re-employed. Therefore, the Board of Education in effect is voting to send notice to the teacher that her contract will not be renewed. After receiving this notice, the teacher remains employed through the end of the current school term and thereafter is not contracted for employment for the following school term. Upon these facts and the procedure employed, defendant maintains that the final action of the school board is not voting upon the motion not to re-employ, but in effect is the sending of a statutory notice called for by the motion and the statutory requirements of section 24—11 of the School Code.

The plaintiff maintains that the Board of Education cannot take any final action in dismissing a non-tenure teacher at an executive session.

■■ The question of what constitutes "final action" under the facts here present is a question of law and we are not bound by the opinion of the trial judge on a matter of law. Since a public roll call vote allows the people to know the positions taken by the individual members of the Board, so such members can be held accountable for their actions, we feel that the "final action" is the roll call vote.

We are not persuaded by the argument that the motion to dismiss was already prepared and read by the secretary instead of being made spontaneously by another Board member at the open session as being a violation of the open meeting statute. Such a suggestion would require us to base our decision upon who read a previously prepared motion, the secretary or another Board member. We do not feel that the legislature intended who reads the prepared motion to be determinative in a case such as this.

■■ The statute does not prohibit the Board from polling its members at a closed session. Thus the fact that there were two votes taken, one at the closed and one at the open session, should not be considered a violation of the open meeting law. The crucial fact is that the final vote was taken at an open session.

We therefore find that the Board of Education substantially complied with the open meeting law when it chose not to retain the plaintiff as a guidance counselor. So finding we must reverse the decision of the Circuit Court of Perry County.

Judgment reversed and plaintiff's suit dismissed at plaintiff's cost.

G. MORAN, P. J., and JONES, J., concur.