593 P.2d 917

Kathleen KAROL, Vivian Lavender, Peggy Litty, and Susan Peters, Appellants,

v.

BOARD OF EDUCATION/TRUSTEES, FLORENCE UNIFIED SCHOOL DISTRICT NUMBER ONE OF PINAL COUNTY, Appellees.

No. 2 CA–CIV 2838.

Court of Appeals of Arizona, Division 2.

Oct. 12, 1978.

Rehearing Denied Nov. 22, 1978.

Review Granted Dec. 19, 1978.

**168**

Bendheim & Mote by Theodore D. Mote, Phoenix, for appellants.

Roy A. Mendoza, Pinal County Atty. by John T. Hestand, Deputy Pinal County Atty., Florence, for appellees.

## OPINION

HOWARD, Judge.

This case involves an interpretation of the Arizona open meeting laws, A.R.S. Sec. 38–431 et seq. It was submitted to the trial court on stipulated facts which disclosed the following. In April 1977, appellants were probationary teachers employed by the Florence Unified School District # 1 of Pinal County. At a public meeting held on April 14, 1977, the school board approved teaching contracts for the ensuing school year and indicated that the teachers whose names were marked by asterisks would not be reemployed. A list of the teachers was attached to the minutes of the board meeting.

At the meeting the board refused to allow some persons, not appellants, whose names are undisclosed, who were present to record the meeting by means of tape recorders even though there was no showing that there would be any active interference with the conduct of the meeting by the use of such recorders.

On April 15, 1977, each appellant received a notice from the superintendent of the school district advising that at the meeting

of the board on April 14, 1977, the board did not renew her contract. This letter also contained the reasons for non-renewal.

Appellants then filed this lawsuit contending that the action taken by the school board on April 14, 1977 was void and consequently their teaching contracts were automatically renewed pursuant to A.R.S. Sec. 15–252(A).

The trial court ruled in favor of appellees stating:

" * * *

Here, even though the official acts of the Board on April 14, 1977, were null and void, nothing can alter the intent, the state of mind of the Board not to renew. The intent was communicated to the plaintiffs.

They received all they were entitled to receive from the Board as probationary teachers, and all the protection the legislature deemed they should receive had the Board permitted unnamed persons to tape record the meeting.

* * * "

■ The pivotal question is whether the acts of the school board at the meeting on April 14, 1977 were null and void. A.R.S. Sec. 38–431.01, as amended, Laws 1975, Ch. 48, Sec. 1, states:

"A. All official meetings at which any legal action is taken by governing bodies shall be public meetings and all persons so desiring shall be permitted to attend and listen to the deliberations and proceedings.

B. All governing bodies, except for subcommittees, shall provide for the taking of written minutes of all their official meetings. Such minutes shall include, but not be limited to:

1. The date, time and place of the meeting.

2. The members of the governing body recorded as either present or absent.

3. An accurate description of all matters proposed, discussed or decided, and the names of members who propose and second each motion.

C.   The minutes or a recording shall be open to public inspection three working days after the meeting except as otherwise specifically provided by this article.

D.   *All or any part of a public meeting of a governing body may be recorded by any person in attendance by means of a tape recorder, camera or other means of sonic reproduction, provided that there is no active interference with the conduct of the meeting.*" (Emphasis added)

A.R.S. Sec. 38–431.05 states:

"All business transacted in any body during a meeting or public proceedings held in violation of the provisions of this article shall be null and void."

It is clear that under A.R.S. Sec. 38–431.-01(D) those persons who were present had, under the facts as stipulated, an absolute right to tape record the meeting.  The statute was violated by refusing to allow the recording.

■   If the language of a statute is plain and unambiguous and can be given but one meaning which does not lead to an impossibility or an absurdity which one cannot contemplate the legislature intended, we follow that meaning even though the result may be, in our opinion, harsh, unjust, or a mistaken policy.  *Garrison v. Luke,* 52 Ariz. 50, 78 P.2d 1120 (1938).  At first glance, because of the facts of this particular case, it may appear that the legislature could not have intended that a public meeting be held void for failure to comply with A.R.S. Sec. 38–431.01(D).  Yet, if the facts are changed, an opposite conclusion can be reached.  Suppose a very important community issue has come before a governing body and a television station wishes to televise the proceedings, but the governing body wrongfully refuses to allow the station to do so and holds the meeting.  Declaring the proceedings void under such circumstances does not seem to be an absurd result in view of the policy of an open government which underpins A.R.S. Sec. 38–431.01.  One cannot say that the legislature did not contemplate the result under those circumstances.

The meeting here was held in violation of the provisions of the statute and was void.  The result is that nothing took place on April 14, 1977.

■   A.R.S. Sec. 15–252(A) provides that notice of a school board's "intention" not to offer a renewal of a probationary teacher's contract be given to the teacher on or before April 15.  The formulation of this "intention" constitutes "legal action" and under A.R.S. Sec. 38–431.01(A) must take place at a public meeting.  Since there was in effect no public meeting, no "intention" not to renew was formulated and the superintendent's notice was a nullity.

The judgment is reversed and the trial court is ordered to enter judgment in favor of the appellants.

RICHMOND, C. J., and HATHAWAY, J., concur.