593 P.2d 649

Kathleen KAROL, Vivian Lavender, Peggy Litty, and Susan Peters, Appellants,

v.

BOARD OF EDUCATION TRUSTEES, FLORENCE UNIFIED SCHOOL DISTRICT NUMBER ONE OF PINAL COUNTY, Appellees.

No. 14081–PR.

Supreme Court of Arizona, En Banc.

March 19, 1979.

Rehearing Denied April 24, 1979.

**96**

Bendheim & Mote by Theodore D. Mote, Phoenix, for appellants.

James E. Don, former Pinal County Atty., Roy A. Mendoza, Pinal County Atty. by John T. Hestand, Deputy Pinal County Atty., Florence, for appellees.

HAYS, Justice.

The appellants are four probationary teachers (teachers) whose employment was not continued by the appellee Board of Education (board). The teachers filed a special action in the superior court alleging that the open-meeting law, A.R.S. § 38–431, *et seq.*, was violated and that their contracts were automatically renewed as a result thereof. The court found that the open-meeting law had been violated, but concluded that the board's intention not to continue the teachers was still operative and binding. The teachers appealed, arguing that the board could not have legally formulated its intention to discontinue the teachers without holding a valid public meeting and that since the meeting held was invalid, any action taken therein is null and void.

The Court of Appeals found in favor of the teachers. We granted review. The opinion of the Court of Appeals, 122 Ariz. 167, 593 P.2d 917, 1978, is vacated.

We must address two questions on appeal:

1. Whether the acts of the board are null and void because of a technical violation having no effect on the teachers; and

2. Whether, in order to comply with the open-meeting law, the board must make known orally all the basic facts of each matter of business it acts upon.

This case was submitted on stipulated facts as follows. In April, 1977, the board adopted a motion approving contracts for teachers whose names were on a list that had been presented at an earlier executive session (the validity of which session is not at issue). The board also indicated that the contracts of teachers whose names were marked by asterisks would not be renewed. The board did not read aloud the names of any of the teachers, but it did attach the list to the minutes of the meeting that were subsequently available to the public. The teachers received notice on April 15 of the board's action.

During the meeting the board refused to allow certain persons in attendance to tape-record the proceedings even though such recording would not have interfered with the conduct of the meeting. These persons are in no way related to this action. The teachers did not ask to record the meeting, nor do they even claim to have been present.

■ A.R.S. § 15–252 provides in part that the board shall offer a teaching contract for each probationary teacher unless on or before April 15 the board gives notice to the teacher of its "intention" not to offer a teaching contract. The formulation of the intention not to offer a contract, the teachers argue, is a "legal action" within the meaning of A.R.S. § 38–431(2)[1] and must

---

1. A.R.S. § 38–431(2), as amended, 1974 Ariz. Sess.Laws, ch. 196, § 1, provides:

"Legal action" means a collective decision, commitment or promise made by a majority of

therefore be taken during a public meeting in conformity with A.R.S. § 38–431.01.[2] We agree and so hold.

The teachers next point to A.R.S. § 38–431.01(D), added, 1975 Ariz.Sess.Laws, ch. 48, § 1, that provides:

All or any part of a public meeting of a governing body may be recorded by any person in attendance by means of a tape recorder . . . provided that there is no active interference with the conduct of the meeting.

The teachers also cite A.R.S. § 38–431.05, renumbered, 1974 Ariz.Sess.Laws, ch. 196, § 6, that states:

All business transacted in any body during a meeting or public proceedings held in violation of the provisions of this article shall be null and void.

Referring to the board's refusal to allow some individuals to record the meeting, the teachers argue that the board thereby violated A.R.S. § 38–431.01(D), and that in accordance with A.R.S. § 38–431.05 all business conducted at the meeting was null and void. The teachers conclude that since all business conducted at the April 14th meeting was null and void, the board did not formulate the intention referred to in A.R.S. § 15–252 and thus the teachers' contracts were automatically renewed.

■ Are all the acts of the board at the April 14th meeting null and void? Does any technical violation or failure to exactly meet every requirement of the statute void the board's action regardless of the expense or other consequences that accrue to the governmental entity? A reading of A.R.S. § 38–431.05 alone might give that impression but the open-meeting statute must be read as a whole in order to arrive at the intent of the legislature. *City of Phoenix v. Kelly,* 90 Ariz. 116, 366 P.2d 470 (1961); *Powers v. Isley,* 66 Ariz. 94, 183 P.2d 880 (1947). The intent of the legislature was to open the conduct of the business of government to the scrutiny of the public and to ban decision-making in secret. *See* A.R.S. § 38–431.01; 1962 Ariz.Sess.Laws, ch. 138, § 1. A meeting held in the spirit of this enunciated policy is a valid meeting.

■ A.R.S. § 38–431.07 provides that persons affected by the decision of a public body may seek relief in superior court.[3] The statute further provides that the court "may order such equitable relief as it deems appropriate in the circumstances." The legislature, by specifically providing for resort to the courts for equitable relief, could not have intended that all actions of a public body be rendered null and void by reason of a minor deviation from the requirements of the statute because equitable principles require a balancing of the rights of those involved. *See Spur Industries, Inc. v. Del E. Webb Development Co.,* 108 Ariz. 178, 494 P.2d 700 (1972). Furthermore, equity gives little weight to technicalities since it looks to substance rather than form. *Sanders v. Folsom,* 104 Ariz. 283, 451 P.2d 612 (1969).

The trial court said, as a part of its order: They received all they were entitled to receive from the Board as probationary teachers, and all the protection the legislature deemed they should receive had the Board permitted unnamed persons to tape record the meeting.

The trial court obviously applied equitable principles in determining that the minor deviation by the board should not provide a windfall to the unaffected teachers at the

---

the members of a governing body consistent with the constitution, charter or bylaws of such body, and the laws of this state.

NOTE: Although we are dealing with provisions some of which have been subsequently amended, we do not believe those changes alter our reasoning or holdings in any way.

**2.** A.R.S. § 38–431.01(A), as amended, 1975 Ariz.Sess.Laws, ch. 48, § 1, provides:

All official meetings at which any legal action is taken by governing bodies shall be public meetings and all persons so desiring shall be permitted to attend and listen to the deliberations and proceedings.

**3.** "Decision" has been amended to read "legal action." A.R.S. § 38–431.07, as amended, 1978 Ariz.Sess.Laws, ch. 86, § 6.

expense of the taxpayers. We hold, therefore, that a technical violation having no demonstrated prejudicial effect on the complaining party does not nullify all the business in a public meeting when to conclude otherwise would be inequitable, so long as the meeting complies with the intent of the legislature as identified above.

■ We must now determine whether the board's failure to read aloud the names of those teachers not being offered contracts violated the open-meeting law. At the public meeting the board adopted a motion approving contracts for teachers whose names were on a list initially discussed by the board in earlier executive session. The board had first indicated to those present what the list was and that the names of those teachers who were not recommended for employment were marked with an asterisk.

The teachers argue, without citing any authority for the argument, that the open-meeting law requires a public body to disclose all basic facts that form a part of any legal action taken and that the board should have at least announced the names of those teachers not offered contracts to insure that the action in question was publicly scrutinized. The board does not disagree that the open-meeting law requires that disclosure of basic facts must precede all legal actions but argues that its description of the list, its explanation of why some of the names were marked, its statement that the teachers whose names appeared on the list unmarked were recommended to be offered contracts, its comment that the list would be attached to the minutes of the meeting and be available to the public, and its vote on the list during the public meeting constituted more than adequate information from which the public present at the meeting could scrutinize the legal action taken. The board also argues that to re-

quire more would be to put too great a burden on a public body and result in meetings so cluttered with facts that the decisions being made would be obscured. We agree.

The intent of the open-meeting law is that legal actions—proceedings which constitute a "decision, commitment or promise made by a majority of the members of a public body," A.R.S. § 38–431(2)—"be conducted openly." 1962 Ariz.Sess.Laws, ch. 138, § 1. The statute does not describe what factual disclosure must accompany a legal action taken during a public meeting. Nor do we find any guidance in the legislative history beyond the general intention that the meeting "be conducted openly." *Id.*

■ We do not believe, in order to conduct a meeting openly, the public body need disclose every fact, theory, or argument pro or con raised in its deliberations, or every detail of the recommended decision on which a vote is about to occur. On the other hand, we would not find acceptable a public body calling for vote a recommended action designated only by number, thereby effectively hiding its actions from public examination. We believe therefore that the stated intent of the statute requires that all legal actions be preceded both by disclosure of that amount of information sufficient to apprise the public in attendance of the basic subject matter of the action so that the public may scrutinize the action taken during the meeting, *and* by an indication of what information will be available in the minutes pursuant to A.R.S. § 38–431.01(B)[4] so that the public may, if it desires, discover and investigate further the background or specific facts of the decision.

We conclude that the board was not required to disclose the names of teachers who were not to be offered contracts. The

4. A.R.S. § 38–431.01(B), as amended, 1975 Ariz.Sess.Laws, ch. 48, § 1, provides in part:

All public bodies, except for subcommittees shall provide for the taking of written minutes of all their official meetings. Such minutes shall include, but not be limited to:

1. The date, time and place of the meeting.

2. The members of the governing body recorded as either present or absent.

3. *An accurate description of all matters proposed, discussed or decided* and the names of members who propose and second each motion. . . . [emphasis added].

explanations the board made during the public meeting and the publication of the names on the list attached to the minutes of the meeting satisfy the disclosure function of the statute.

The Court of Appeals decision is vacated. The case is remanded to the trial court for entry of judgment in favor of the board and against the teachers.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.