616 P.2d 933

Donald J. AHNERT and Jacqueline Ahnert, husband and wife, and Richard C. Palmer, Plaintiffs/Appellants,

v.

SUNNYSIDE UNIFIED SCHOOL DISTRICT # 12, and C. M. Castrillo, A. L. Daily, D. B. Fernandez, B. J. Martinez and N. M. Stinson, members of and constituting the Board of Education of said School District, Defendants/Appellees.

No. 2 CA–CIV 3583.

Court of Appeals of Arizona, Division 2.

June 30, 1980.

Rehearing Denied July 30, 1980.

Review Denied Sept. 9, 1980.

**474**

Christoffel & Zickerman by Dean C. Christoffel, Tucson, for plaintiffs/appellants.

Law Offices of John Price by John Price, Tucson, for defendants/appellees.

OPINION

RICHMOND, Judge.

Appellants, taxpayers in the Sunnyside School District, appeal from judgments entered in favor of the district on two counts of an action challenging the validity of contracts made in violation of the open meeting laws, A.R.S. § 38–431, et seq. We reverse the judgments on counts one and three of appellants' complaint but affirm the denial of attorney's fees to appellants on count two. The relevant facts are as follows.

In early May, 1978, the Sunnyside Board of Education directed the district's acting superintendent to ask Dr. E. P. Moses of the School Operation and Training Institute (SCOTI) to come to Tucson to discuss the services he and SCOTI could provide. The board's agreement to pay Moses's fee of $500 plus expenses totaling $512.86 was not made at an open meeting.

Moses met with the board at an executive session on May 16, 1978. The board members were in favor of hiring Moses and SCOTI but wanted the details of the agreement in writing. A letter from SCOTI was received by the board on May 22 and during an executive session the next day the board instructed the director of business affairs to accept the terms of the letter.

The letter and acceptance form the basis of the contract that is the subject of count one of the complaint. Count three challenges the agreement to pay the $500 fee and expenses. After appellants filed their lawsuit, the board met in an open meeting on June 20, 1978. The meeting was adjourned into executive session at 6:50 p. m. When it reconvened at 12:10 a. m. the board adopted a resolution retroactively approving its prior agreements.

■ If a school board is to take legal action by making a collective decision, commitment or promise, it must do so at an open public meeting or the action is void. A.R.S. §§ 38–431, 38–431.01, 38–431.05; *Cooper v. Arizona Western College District Governing Board*, 125 Ariz. 463, 610 P.2d 465 (1980). Appellants contend the board's

decisions to hire SCOTI and pay Moses's consultant fee are void because they were not made at a public meeting. Appellees respond that any violation of the open meeting law was only technical, had no prejudicial effect on appellants, and was cured when the board ratified its prior actions at the June 20–21 meeting.

■ A technical violation of the open meeting law will not nullify all business undertaken at a public meeting when there is no demonstrated prejudicial effect on the complaining party and the meeting complies with the intent of the legislature to open the conduct of the business of government to public scrutiny and to ban decision–making in secret. *Karol v. Board of Education Trustees, Florence Unified School District Number One of Pinal County*, 122 Ariz. 95, 593 P.2d 649 (1979). The decision in this case, however, was made during a closed meeting and did not comply with the legislative intent. The board decided to accept the terms of SCOTI's offer during an executive session, and evidence that the board members intended to pass a resolution approving the contract at an open meeting does not make the violation technical. The agreement to pay a consultant fee and expenses to Moses is also void because it was not made at a public meeting. A district policy allowing the business manager to hire consultants at up to $500 without prior board approval is not relevant because the board itself made the decision to pay Moses. *Cooper v. Arizona Western College District Governing Board, supra.*

The initial agreements between the board and Moses were reaffirmed by resolution at the midnight meeting of June 21. The June 21 meeting, however, was conducted without the public notice required by A.R.S. § 38–431.02(D). Minutes of the June 20 meeting show:

The Board adjourned the Special Meeting at 6:50 p. m. to go into executive session.

It was stated that the Special Meeting would reconvene, if necessary, to take any action necessary that might be needed as a result of the executive session.

■ A.R.S. § 38–431.02(A) and (D) have been interpreted in *Cooper* as requiring "public notice of the time and place of the continuation of a recessed meeting for such period of time in advance of the meeting as . . . is reasonable and practicable under the circumstances."[1] The announcement that the meeting would reconvene "if necessary" did not give sufficient public notice as to the time and place of the reconvened meeting. The board's resolution to ratify its previous actions at the reconvened meeting of June 21 therefore was void.

■ Appellees also argue that appellants are not entitled to injunctive relief because the district is liable to Moses under a quantum meruit theory, and a judgment in favor of Moses on his counter–claim to a third–party complaint has already been satisfied. Appellees could not affect the outcome of this action, however, by voluntarily satisfying the third–party judgment in favor of Moses before this judgment became final. Their other argument that laches applies also fails because appellees have neither been injured by lapse of time nor changed their position in reliance on appellants' alleged inaction. *Jerger v. Rubin*, 106 Ariz. 114, 471 P.2d 726 (1970).

Since the contracts between the district and SCOTI and Moses were never adopted by the board at a duly–noticed public meeting, they are null and void. A.R.S. § 38–431.05; *Porta House Inc. v. Scottsdale Auto Lease, Inc.*, 120 Ariz. 115, 584 P.2d 579 (App.1978). The judgment in favor of appellees must be reversed.

■ The final issue is whether it was error to refuse to award attorney's fees to appellants after finding that the legal ac-

---

1. All references are to the statute as it existed prior to its amendment in 1978. A.R.S. § 38–431.02(E), as added by Laws 1978, Ch. 86, § 3, provides:

A meeting may be recessed and resumed with less than twenty–four hours' notice if public notice of the initial session of the meeting is given as required in subsection A and if, prior to recessing, notice is publicly given as to the time and place of the resumption of the meeting or the method by which notice shall be publicly given.

tion described in count two was null and void. The decision is within the discretion of the trial court. A.R.S. § 38–431.07. Since the issues raised in count two were rendered moot when the board decided not to carry out the action, the denial of attorney's fees on that count was not an abuse of discretion.

The judgments on counts one and three of appellants' complaint are reversed, and the case is remanded for the court to determine what equitable relief is appropriate under A.R.S. § 38–431.07. The court's decision not to award attorney's fees on count two is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.