Stephen MURDOCK; et al., Plaintiffs—Appellants,

v.

MINGUS UNION HIGH SCHOOL DISTRICT; et al., Defendants— Appellees.

No. 06–16128.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2008.

Filed May 2, 2008.

James E. Ledbetter, Esq., Shiloh K. Hoggard, Esq., The Ledbetter Law Firm, PLC, Cottonwood, AZ, for Plaintiffs–Appellants.

Donald Peder Johnsen, Esq., Gallagher & Kennedy, PA, Phoenix, AZ, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, N.R. SMITH, Circuit Judge, and OTERO [*], District Judge.

## MEMORANDUM [**]

Plaintiffs Stephen and Kelly Murdock (the "Murdocks") appeal the district court's order granting summary judgment on all claims in favor of Defendants Mingus Union High School District and Mingus Union Governing Board (collectively, the "District"). Because the parties are familiar with the facts, we only address the law.

1. The Murdocks' due process claim premised on a liberty interest fails as a matter of law. Regardless of whether the District's temporary placement of stigmatizing information in Stephen Murdock's personnel file was publication under *Cox v. Roskelley*, 359 F.3d 1105 (9th Cir.2004), the District presented undisputed evidence that no member of the public saw this information while it was in the file. Accordingly, the Murdocks suffered no injury. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (recognizing that a plaintiff is not injured unless her "good name, reputation, honor, or integrity is at stake").

In the alternative, the Murdocks argue an issue they failed to bring before the district court. Although we have discretion to address issues raised for the first time on appeal, we decline to exercise that discretion in this case. *See Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals....").

2. The Murdocks' due process claim premised on a property interest fails as a matter of law. The evidence supporting the Murdocks' argument that Stephen Murdock held a reasonable expectation of continued employment is insufficient to create a triable issue of fact. *See Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 331 (9th Cir.1995).

3. The Murdocks' breach of contract claim fails as a matter of law. The evidence supporting the Murdocks' argument that the District did not comply with the terms of Stephen Murdock's contract is insufficient to create a triable issue of fact. *See Deck v. Hammer*, 7 Ariz.App. 466, 440 P.2d 1006, 1012 (1968).

4. The district court did not abuse its discretion in declining to recognize the Murdocks' breach of the covenant of good faith and fair dealing claim. The Murdocks did not raise this claim in their pleadings, and the District did not impliedly consent to try this claim in its summary judgment brief. *See Rosenbaum v. City & County of San Francisco*, 484 F.3d 1142, 1151 (9th Cir.2007).

5. The Murdocks' open meeting law claim fails as a matter of law. The evidence supporting the Murdocks' argument that the District's decision to let Stephen Murdock's contract expire was made at a private executive session is insufficient to create a triable issue of fact. *See Karol v. Bd. of Educ. Trs.*, 122 Ariz. 95, 593 P.2d 649, 650–51 (1979). Even if the District had made the decision in private, the District's subsequent public vote lawfully ratified that decision. *See* Ariz.Rev.Stat. § 38–431.05(B) (LexisNexis 2008); *Cooper*

---

[*] The Honorable S. James Otero, United States District Judge for the Central District of California, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Ariz. W. Coll. Dist. Governing Bd.*, 125 Ariz. 463, 610 P.2d 465, 470 (Ariz.Ct.App. 1980).

Affirmed.