NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

EAST VALLEY INSTITUTE OF TECHNOLOGY,
*Plaintiff/Appellee/Cross-Appellant*,

*v.*

CHRISTINA MAHONEY, et al.,
*Defendants/Appellants/Cross-Appellees*.

No. 1 CA-CV 16-0592
FILED 2-22-2018

Appeal from the Superior Court in Maricopa County
No. CV2015-009000
The Honorable Christopher T. Whitten, Judge

**REVERSED AND REMANDED**

COUNSEL

Quarles & Brady LLP, Phoenix
By David E. Funkhouser III, Edward J. Hermes
*Counsel for Plaintiff/Appellee/Cross-Appellant*

Ober & Pekas, PLLC, Phoenix
By Kevin Koelbel
*Counsel for Defendants/Appellants/Cross-Appellees*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maurice Portley[1] joined.

---

**C R U Z**, Judge:

**¶1**   Christina Mahoney and Lisa Gandolfi Spies (collectively, the "Teachers") appeal the summary judgment in favor of East Valley Institute of Technology ("EVIT").[2]  EVIT cross-appeals the denial of its request for attorneys' fees.  For the following reasons, we reverse the summary judgment and remand for further proceedings consistent with this decision.

**FACTUAL AND PROCEDURAL HISTORY**[3]

**¶2**   EVIT is a joint technical education district in Maricopa County, Arizona.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 15-391 to -396.  The Teachers were employed by EVIT during the 2012-13 school year.  As relevant on appeal, their contracts provided:

> In consideration for services rendered in accordance with this Contract, [EVIT] agrees to pay Employee the salary indicated above for the term of this Contract.  In addition to salary, *Employee shall receive performance pay if Employee qualifies for such pay as determined by [EVIT] in accordance with [EVIT]'s Performance Pay Plan*.  The amount of performance

---

[1] The Honorable Maurice Portley, retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2] Mark Mahoney was named as a defendant to bind the Mahoney marital community.  For ease of reference, we refer to Christina Mahoney in the singular, but our decision applies to Mark Mahoney as well.

[3] We view the facts and inferences reasonably drawn therefrom in the light most favorable to the Teachers, the parties opposing the motion.  *See Ochser v. Funk*, 228 Ariz. 365, 369, ¶ 11 (2011).

pay, *and the method and timing of payment of such monies*, shall be as specified in [EVIT's] Performance Pay Plan.

(Emphases added.).

I.      Proposition 301: Background

¶3          "In 2000, the Legislature adopted A.R.S. § 15-977, creating the classroom site fund to provide additional funding to school districts[,]" contingent on voter approval of Proposition 301. *Reeves v. Barlow*, 227 Ariz. 38, 40, ¶ 2 (App. 2011) (citing 2000 Ariz. Sess. Laws, ch. 1, § 16).  In November 2000, voters approved Proposition 301, which increased the state transaction privilege tax rate to fund programs such as the classroom site fund. *Id.*  To allocate funding from the classroom site fund, a school district must adopt a performance-based compensation system. *Id.* at ¶ 3 (citing A.R.S. § 15-977(A), (B) (2011)).  Thereafter, the district may allocate classroom site funds according to the statutory guidelines. *Id.* (citing A.R.S. § 15-977(A)).

II.     EVIT's Performance Pay Plan

¶4          In March 2013, EVIT's governing board ("Board") adopted the 2012-13 Proposition 301 Plan ("Plan").[4]  Pursuant to the Plan, an employee was eligible to receive Proposition 301 funding as follows:

> A person also needs to complete their contractual obligations and/or time in order to receive 301 funding[;] therefore, any teacher leaving the district must notify the district on or before April 15th with their intent to leave in order to be paid 301 monies.  Any teacher who leaves after the April 15th deadline will be subject to forfeiture of 301 monies.  Any staff member that leaves early before completing the contractual time will <u>not</u> receive 301 funding.  If any person receives 301 funding and they resign, leave, or otherwise break the new contractual agreement then they would be subjugated to the recovery of 301 funds through last paid compensation or recovery through legal means.  In addition,

---

[4]     A school district's governing board must vote on a performance-based compensation system that includes, among other things, the approval "of at least seventy per cent of the teachers eligible to participate . . . ." A.R.S. § 15-977(C)(9) (2011).

staff members must continue their employment with the district for the 2013-14 School Year to receive any 301 funding that has not already been disbursed.

III.    2013-14 Contracts

¶5        The Teachers did not notify EVIT prior to April 15, 2013 of their intent to leave.  Instead, in May 2013, they accepted contracts to teach at EVIT from August 5, 2013 through May 23, 2014.[5]  Pursuant to A.R.S. § 15-545, the contracts provided, "Employee may not resign effective prior to the conclusion of the final duty day, unless the resignation is first approved by the Governing Board."   The contracts also provided for liquidated damages.

¶6        In consideration for the Teachers agreeing to teach for the 2013-14 school year, EVIT agreed to pay them performance pay pursuant to the Plan.  Accordingly, in July 2013, Mahoney received $7,066.92 and Spies received $4,133.49.  They resigned shortly thereafter.  Subsequently, on August 12, 2013, the Board approved the resignations.

¶7        In May 2014, EVIT, presumably relying on a blanket authorization to sign legal documents granted by the Board to the District Superintendent some four months earlier, and without prior public notice or vote by the Board, sued the Teachers in justice court, claiming breach of contract and seeking return of the performance pay and liquidated damages.  The Teachers answered and counterclaimed for relief under Arizona's open meeting law.  *See* A.R.S. § 38-431 to -431.09.  EVIT filed amended complaints a month later, and eventually the actions were removed to the superior court.[6]

¶8        After full briefing on cross-summary judgment motions, the superior court: (1) denied the Teachers' motion on the open meeting law issue; (2) granted EVIT's motion on its breach of contract claims; and (3) denied EVIT's request for attorneys' fees under A.R.S. § 12-341.01.  Following entry of a final judgment, the Teachers appealed, and EVIT cross-appealed.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

---

[5]       Spies' signature is dated May 2015, but apparently this was a scrivener's error.

[6]       The amended complaints added a claim for breach of the covenant of good faith and fair dealing.

**DISCUSSION**

**¶9**  A motion for summary judgment should be granted "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990); *see* Ariz. R. Civ. P. 56(a). We review *de novo* whether there are any genuine issues of material fact and whether the superior court properly applied the law. *Parkway Bank & Tr. Co. v. Zivkovic*, 232 Ariz. 286, 289, ¶ 10 (App. 2013). We also review *de novo* questions of statutory and contract interpretation. *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11 (2006); *Great W. Bank v. LJC Dev., LLC*, 238 Ariz. 470, 475, ¶ 9 (App. 2015). "We will affirm the summary judgment if it is correct for any reason supported by the record[.]" *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014).

**¶10**  Arizona's open meeting law requires that "[a]ll legal action of public bodies shall occur during a public meeting." A.R.S. § 38-431.01(A). The purpose is "to ensure that the public [may] attend and monitor the meetings of all public bodies." *Fisher v. Maricopa Cty. Stadium Dist.*, 185 Ariz. 116, 122-23 (App. 1995) (citing A.R.S. §§ 38-431 to -431.09). "All legal action transacted by a public body during a meeting held in violation of any provision of [the open meeting laws] is null and void . . . ." A.R.S. § 38-431.05(A). "Actions taken in violation of the open meeting law 'cease to exist or have any effect.'" *Johnson v. Tempe Elementary Sch. Dist. No. 3 Governing Bd.*, 199 Ariz. 567, 570, ¶ 17 (App. 2000).

**¶11**  The Teachers argue that when EVIT initiated legal action against them in May 2014, without the Board's vote at a properly-noticed meeting, any attempt to correct this mistake by endeavoring to ratify the legal action at a later time—the June 23, 2014 meeting—was futile because, without an initial legal action, there is nothing to ratify. The Board argues the Superintendent was permitted to take legal action against the Teachers, such lawful authority emanating, in part, from the authority vested upon the Superintendent at the January 13, 2014 Organizational Meeting.[7]  That

---

[7]  The agenda and minutes for organizational meetings do not indicate whether an organizational meeting is open to the public, as is reflected in the agendas and minutes for regular meetings. If not open to the public, any legal action taken at an organizational meeting is also null and void. *Cf. Karol v. Bd. of Educ. Trs.*, 122 Ariz. 95, 98 (1979).

notice, as reflected in both the agenda and the minutes, states in relevant part as follows:

> 7. Approval of the Superintendent, or designee, to *sign* the following:
>
> . . .
>
>> e.      All other official/*legal documents which require the signature*, or facsimile signature, of the Chief Executive Officer of East Valley Institute of Technology District No. 401 for the 2014 calendar year and through, and including, the date on which the first meeting of the Governing Board is held in 2015, pursuant to A.R.S. 15-321 and A.R.S. 15-341.

(Emphasis added.).

¶12      Under the open meeting law, agendas must "list the specific matters to be discussed, considered or decided at the meeting." *See* A.R.S. § 38-431.02(H).  The Arizona Supreme Court has held that the notice provision of the open meeting law requires that

> all legal actions be preceded both by disclosure of that amount of information sufficient to apprise the public in attendance of the basic subject matter of the action so that the public may scrutinize the action taken during the meeting, [a]nd by an indication of what information will be available in the minutes pursuant to A.R.S. § 38-431.01(B) so that the public may, if it desires, discover and investigate further the background or specific facts of the decision.

*Karol*, 122 Ariz. at 98.  As written, agenda item number seven authorizes the signing of official and legal documents which require signature. Commencing a lawsuit is discretionary, not a requirement, and involves more than a mere signature from the Superintendent.  At a minimum, it requires consultation with counsel and often substantial expenditure of public funds.  Agenda item number seven did not provide fair notice to the public that the Board was contemplating litigation against teachers Mahoney and Spies, or anyone else.  It fails to advise the public of sufficient information such that the public may analyze the matter.  No delegation of authority sufficient to bring legal action resulted from the Board's general grant of authority for the Superintendent to sign certain legal documents throughout the calendar year.  The failure to give proper public notice of

the intended legal action constitutes a violation of the open meeting law and the subsequent purported approval of such legal action is null and void unless properly ratified. *See* A.R.S. § 38-431.05(A)-(B).

**¶13** The Teachers also argue these lawsuits are void because the Board could not ratify them. *See* A.R.S. § 38-431.03(D) (stating that a public vote is required "before any legal action binds the public body"); *see also* A.R.S. § 38-431(3) (defining "legal action"). When a school board takes legal action in violation of the open meeting law, it may ratify that legal action by complying with four statutory requirements: (1) ratification must "take place at a public meeting within thirty days after discovery of the violation . . ."; (2) the notice for said meeting must "include a description of the action to be ratified, a clear statement that the public body proposes to ratify a prior action and information on how the public may obtain a detailed written description of the action to be ratified"; (3) the school board "shall make available to the public a detailed written description of the action to be ratified and all deliberations, consultations and decisions by members of the [board] that preceded and related to such action" and that "written description shall also be included as part of the minutes of the meeting at which ratification is taken"; and (4) the school board "shall make available to the public the notice and detailed written description [referenced above] at least seventy-two hours in advance of the public meeting at which the ratification is taken." *See* A.R.S. § 38-431.05(B).

**¶14** The record does not reflect that any properly-noticed public meeting was held within thirty days after the open meeting law violation was discovered. The record is also devoid of any public notice, at least seventy-two hours in advance of a public meeting, which set forth a description of any action to be ratified, let alone a clear statement that it was the Board's intention to ratify a prior action, or information about ways in which the public could obtain a detailed written description of the action to be ratified. Likewise, absent from the record is any publicly-disclosed, detailed, written description of the action to be ratified, together with all deliberations, consultations, and decisions by members of the Board that preceded and related to such action. Nor was any such information included in the minutes of the June 23, 2014 meeting, wherein the Board claims such ratification took place. Without compliance with the statutory requirements for ratification of prior legal action, the resulting legal action is null and void. Therefore, the superior court erred in denying Mahoney and Spies' summary judgment motions on the basis of open meeting law violations.

¶15 Because we hold the lawsuits against Mahoney and Spies were null and void for want of legal authority on the part of the Superintendent and that legal action was not subsequently properly ratified, we need not reach the remaining issues raised by the parties.

IV. Attorneys' Fees

¶16 The Teachers request attorneys' fees under A.R.S. §§ 12-341.01, 12-348, and 38-431.07. We award the Teachers their reasonable attorneys' fees and costs on appeal upon compliance with ARCAP 21. To the extent the Teachers wish to seek attorneys' fees below, the superior court may consider that request on remand.

**CONCLUSION**

¶17 For the foregoing reasons, we reverse the summary judgment against teachers Mahoney and Spies and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA