AMIGO, APPELLANT, *v.* BOARD OF EDUCATION, CLOVERLEAF LOCAL SCHOOL DISTRICT, APPELLEE.

(No. 759—Decided June 21, 1978.)

*Mr. William B. Gore*, for appellant.
*Mrs. Maryann Gall*, for appellee.

MAHONEY, P. J.  Plaintiff, Isabelle Amigo, a teacher, appeals a judgment of the Court of Common Pleas in favor of the defendant-appellee, The Board of Education of The Cloverleaf Local School District. Plaintiff sought to void the non-renewal of her contract for the alleged non-compliance with the "sunshine law."

*Facts*

The plaintiff taught "visual arts" during the 1976-1977 school year under a one year limited contract. At a regular meeting held April 18, 1977, the defendant determined that plaintiff's contract would not be renewed. The plaintiff was not personally served with notice of this meeting by the defendant. On April 19, the defendant mailed a letter ad-

vising the plaintiff, pursuant to R. C. 3319.11, that she would not be re-employed.

The plaintiff thereupon filed a complaint in the Court of Common Pleas. She alleged that by failing to notify her of the April 18 meeting, the defendant did not comply with R. C. 121.22, the so-called "sunshine law." The plaintiff further averred that since defendant had not complied with the "sunshine law" the notice to plaintiff did not comply with R. C. 3319.11. The plaintiff requested (1) a preliminary injunction ordering the defendant to employ her effective September 1 and (2) orders directing the defendant to grant plaintiff a limited contract for at least the 1977-78 school year and to compensate her for any loss of earnings. Alternatively, plaintiff requested an order directing the defendant to comply with R. C. 121.22 and conduct an open hearing concerning the renewal of her contract.

The trial court conducted a hearing on both the request for a preliminary injunction and the merits. The court directed a verdict for the defendant at the close of the plaintiff's case on the ground that the plaintiff failed to prove a claim for which relief could be granted. The following findings of fact and conclusions of law were issued:

"This matter came on to be heard before the Court on the 26th day of August, 1977, upon the pleadings and the evidence. Pursuant to Rule 65 (B) (2) of the Ohio Rules of Civil Procedure. At the conclusion of plaintiff's case in chief, defendant Board moved for a directed verdict for the reason that plaintiff failed to prove a claim for which relief can be granted. The Court found that said motion was well taken and directed a verdict for the defendant. Plaintiff orally moved for separate findings of fact and conclusions of law. Pursuant to Rule 52 of the Ohio Rules of Civil Procedure, the Court makes the following separate findings of fact and conclusions of law.

*"Findings of Fact*

"1. On April 18, 1977, the defendant Board of Education of the Cloverleaf Local School District voted unanimously not to renew the teaching contract of Mrs. Isabelle Amigo for the 1977-78 school year. The vote was taken at a reg-

lar session of the Board held on that date and was duly recorded in the official minutes of Board.

"2. Mrs. Amigo taught under a limited contract in the Cloverleaf school system for three previous years as an elementary education visual arts teacher.

"3. Notice of the regular meeting of the Board on April 18th was sent by the Board's Clerk-Treasurer to five local newspaper—the *Lodi Advertiser*, the *Medina Gazette*, the *Daily Record*, the *Seville Chronicle*, and the *Akron Beacon Journal*. The Clerk also notified the secretary of the Cloverleaf Education Association, the bargaining agent for the teachers.

"4. The Board of Education had adopted a rule to comply with the Ohio Sunshine Law specifying that notice of all public meetings of the Board would be sent to local newspapers and to any person who requested to be notified of the Board hearings.

"5. Mrs. Amigo never requested the Board of Education to notify her of public meetings of the Board.

"6. Notice was not served upon Mrs. Amigo because she had never requested the Board to notify her.

"7. The Superintendent of the Cloverleaf schools regularly prepared a newsletter which was sent to all teachers in the system. Among the news items noted in this newsletter was a notice of the public meetings of the Board. Mrs. Amigo received copies of this newsletter in her school mailbox. A newsletter was sent to all teachers prior to the April 18th meeting of the Board.

"8. At the open meeting held by the Board on April 18th, a motion was made by one of the Board members not to renew Mrs. Amigo's teaching contract. The motion was carried by affirmative vote of all Board members present.

"9. Although the Board went into executive session during the April 18th meeting, no testimony or evidence was introduced to show that any discussions were had during the executive sessions with regard to Mrs. Amigo.

"10. On April 19, 1977, notice was sent to Mrs. Amigo that the Board would not renew her contract. This notification was received by Mrs. Amigo on April 21, 1977.

*"Conclusions of Law*

"1. The exclusive and final authority to renew a teacher's contract rests with the Board of Education under R. C. 3319.07 and R. C. 3319.11.

"2. The Board of Education of the Cloverleaf Local School District properly exercised its authority not to renew Mrs. Amigo's teaching contract for the coming school year. Notice was properly given to Mrs. Amigo before April 30, 1977, of the Board's decision as required by the Ohio statute.

"3. The Board of Education's April 18th meeting was governed by Ohio's Sunshine Law, R. C. 121.22, which declares that any meeting of a public body shall be open at all times. The statute applies to all meetings of a Board of Education.

"4. The Sunshine Law embodies certain notice requirements because a meeting is 'open' only if the general public has knowledge of the time and place at which a meeting will be held. R. C. 121.22 requires that every public body establish, by rule, a reasonable method whereby any person can determine the time and place of all regularly scheduled meetings. The statute also provides for notice to specific individuals only when such notice is requested by an individual.

"5. The Sunshine Law required the Cloverleaf Board of Education to adopt a formal rule providing a procedure for notifying the general public of the Board's meetings. The Board complied with this statutory requirement by adopting a rule stating that notice would be given to local newspapers and to any person specifically requesting notice by the Board.

"6. The Board of Education complied with its own rule and with R. C. 121.22 by notifying the news media and the Cloverleaf Teacher's Union of all meetings and specifically of the April 18, 1977, meeting.

"7. Specific personal notice of the April 18th meeting to Mrs. Amigo was not required by R. C. 121.22. Since Mrs. Amigo never requested notice of Board meetings, the statute did not require the Cloverleaf Board to serve notice upon her.

"8. The sole basis upon which Mrs. Amigo sought relief in this case was stated in paragraph 4 of the complaint:

" 'Plaintiff further states that the defendant did not serve plaintiff personally with notice of the defendant's meeting [on] April 18, 1977, and that the defendant, in conducting the meeting of April 18, 1977, failed to comply with the provisions of Ohio Revised Code 121.22.'

"9. Since the only allegation in plaintiff's complaint was that she was not served personally with notice, and since that allegation was insufficient to state a cause of action against the defendant Board of Education, the defendant's motion for a directed verdict was proper. Therefore, the Board's action in failing to renew the plaintiff's teaching contract was proper in all respects and no violations of the Sunshine Law were proven."

A judgment entry rendering judgment in favor of the defendant was subsequently filed.

### Assignment of Error Number One

"The Court of Common Pleas of Medina County, Ohio, erred in determining that appellee's notice of the meeting of April 18, 1977, to news media and appellant's Union representative met the notice requirements of Ohio Revised Code 121.22."

Plaintiff contends that she should have been personally notified by the defendant that her future employment would be considered at the April 18 meeting. R. C. 121.22(F) provides in part:

"Every public body shall, by rule, establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours advance notice to the news media that have requested notification, except in the event of an emergency requiring immediate official action. In the event of an emergency, the member or members calling the meeting shall notify the news media that have requested notification immediately of the time, place, and purpose of the meeting.

"The rule shall provide that any person may, upon

request and payment of a reasonable fee, obtain reasonable advance notification of all meetings at which any specific type of public business is to be discussed. Provisions for advance notification may include, but are not limited to, mailing the agenda of meetings to all subscribers on a mailing list or mailing notices in self-addressed, stamped envelopes provided by the person.''

The defendant Board of Education notifies five local newspapers, the secretary of the Cloverleaf Education Association (the local teacher's "bargaining representative" to which the plaintiff belonged) and the secretary of the Ohio Association of Public School Employees of all upcoming regular and special meetings. Board members and administrators are also notified. The defendant board will also personally notify any person of upcoming meetings if that person leave a self-addressed envelope at the clerk's office.

The plaintiff urges that, in addition to these practices, the defendant must also, on its own initiative, supply personal notice to its employees of upcoming meetings where the employee's employment or dismissal will be considered in executive session during the meeting. This is required, the plaintiff says, in order that the employee may request a "public hearing" pursuant to R. C . 121.22(G)(1). The plaintiff's brief states:

"* * * it is impossible for the public employee to have and request a public hearing as required under 121.22(G)(1) when the employee has no knowledge that an executive session to consider his or her employment or dismissal will be conducted."

It is not impossible, however, for a public employee to at least request a public hearing pursuant to R. C. 121.-22(G)(1) when the public employee attends the meeting. We decline the plaintiff's invitation to rewrite the statute. The methods of notification adopted by the defendant comply with the pertinent provisions of R. C. 121.22(F). The plaintiff could have, among other things, deposited a self-addressed envelope together with a written request to be notified of any meeting during which the renewal of her contract would be considered with the clerk.

### Assignment of Error Number Two

"The Court of Common Pleas of Medina County, Ohio, erred in determining that appellee's formal action not to re-employ appellant at its meeting of April 18, 1977, met the requirements of Ohio Revised Code 121.22."

The plaintiff contends that the resolution adopted by the defendant not to renew her contract is invalid under R. C. 121.22(H). Plaintiff premises her argument upon the contention that, under R. C. 121.22, she was entitled to personal notice regarding consideration of her contract at the April 18 meeting. As we have found this contention to be without merit, *supra*, we overrule this assignment of error.

### Assignment of Error Number Three

"The Court of Common Pleas of Medina County, Ohio, erred in determining that appellee's action to not renew contract was proper in all respects."

The plaintiff's argument is again premised upon the contention put forth in the first assignment of error. The defendant did not violate the notice provisions of R. C. 121.22.

*Judgment affirmed.*

BELL and VICTOR, JJ., concur.