617 P.2d 63

Frank VALENCIA and Jimmy Molina, duly elected Town Councilmembers for the Town of Guadalupe, Arizona, a Municipal Corporation, Plaintiffs–Appellants,

v.

Frank COTA, Gabriel Alvarez, Frances Amaro, Felix Cons and Pat Villa, duly elected Town Councilmembers for the Town of Guadalupe, Arizona, a Municipal Corporation, Defendants–Appellees.

No. 1 CA–CIV 4530.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 9, 1980.

Ronald Wiltbank, P. C. by Brent E. Corwin, Mesa, for plaintiffs–appellants.

Levine & Jarvi by Jerry Levine, Scottsdale, for defendants–appellees.

OPINION

JACOBSON, Judge.

The issue presented by this appeal from the granting of the defendants–appellees' motion to dismiss for failure to state a claim is whether the action of the majority of the members of the Town Council of Guadalupe in firing the town manager was in violation of the open meeting laws of Arizona, A.R.S. § 38–431 et seq.

Since this matter was disposed of in the trial court upon a motion to dismiss, those facts that were well pled in the plaintiffs' complaint are considered to be true. *Folk v. City of Phoenix*, 27 Ariz.App. 146, 551 P.2d 595 (1976).

The plaintiffs and defendants constitute the entire duly elected Town Council of the Town of Guadalupe. At a regular public meeting of the town council held on August 11, 1977, one of the defendants, Frank Cota, as mayor of the town, requested that the council go into executive session for the purpose of discussing a personnel matter. Plaintiffs' complaint alleged that no vote of the council was taken on the executive session request, but nonetheless the executive session was conducted. During the executive session, Bill Hernandez, the town manager, was requested to resign and in the words of the complaint "little or no discussion or consideration thereof occurred."

Apparently, Mr. Hernandez declined the invitation to resign and the executive session terminated. What transpired next is alleged in the complaint:

> That immediately after said executive session, and upon returning to said regular meeting, the defendant, Pat Villa, moved that the Town Manager be terminated and the defendant, Gabriel Alvarez, seconded said motion, and a roll call vote upon said topic was taken and passed by the defendants [presumably by a vote of 5 to 2]. The defendant Mr. Pat Villa then immediately moved that Mr. Fernando Vender be appointed to the position of Town Manager, which motion was seconded by Frances Amaro, and also passed by the defendants [again, presumably by the same 5 to 2 vote].

The complaint goes on to allege that these plaintiffs were not informed of the impending discharge of Mr. Hernandez or the contemplated hiring of Mr. Vender and that "the defendants assembled together either formally or informally and discussed and deliberated among themselves" prior to both the public meeting and the executive session at which time the firing and hiring occurred. The complaint alternatively alleges that "final action" was taken at the executive meeting and that all of these acts of the defendants were in violation of the open meeting law.

The applicable provision of Arizona's open meeting law [1] provides:

> A.R.S. § 38–431.01. *Meetings shall be open to the public.*
>
> A. All official meetings at which any legal action is taken by governing bodies shall be public meetings and all persons so desiring shall be permitted to attend and listen to the deliberations and proceedings.

The term "legal action" is defined in A.R.S. § 38–431 as:

> 2. "Legal action" means a collective decision, commitment or promise made by a majority of the members of a governing body consistent with the constitution, charter or bylaws of such body, and the laws of this state.

In regard to "executive sessions", A.R.S. § 38–431.03 provides in part:

> A. This article shall not be construed to prevent governing bodies, upon majority vote of the members constituting a quorum, from holding executive sessions for only the following purposes:
>
> > 1. Discussion or consideration of ... disciplining or resignation of a public officer, appointee or employee of any governing body ....
>
> \*    \*    \*    \*    \*    \*
>
> C. No executive session may be held for the purpose of taking any final action or making any final decision.

Plaintiffs' basic contention is that the defendants, who constituted the majority of the town council, held a formal or an informal meeting, from which the plaintiffs were excluded, prior to the public meeting and discussed the firing of Hernandez and the hiring of Vender and reached a conclusive determination on these issues. Plaintiffs urge that such deliberations and discussions constituted "legal action" within the meaning of A.R.S. § 38–431.01 and therefore were in violation of the open meeting law. They also contend that "final action" was taken at the executive session in violation of A.R.S. § 38–431.03(C).

In dealing with plaintiffs' contentions that deliberations and discussions constitute "legal action", a distinction must be made between those matters which are subject to being handled in executive session and those which are not. As to non–executive session subject matter, we agree with Attorney General's opinion No. 75–8 (dated August 29, 1975) holding that deliberations by a majority of a public body in respect to a matter that foreseeably could come to a vote by that body constituted "legal action"

---

1. All statutory citations are to the open meeting legislation in existence at the time the cause of action arose. *See* 1962 Ariz.Sess. Laws, ch. 138, as amended 1974 Ariz.Sess. Laws, ch. 196 and 1975 Ariz.Sess.Laws, ch. 48, § 1. Subsequently, the statute was significantly amended. *See* 1978 Ariz.Sess.Laws, ch. 86.

for purposes of the open meeting law and therefore A.R.S. § 38–431 *et seq.* must be complied with. *Also see, Sacramento Newspaper Guild v. Sacramento County Board of Supervisors*, 263 Cal.App.2d 41, 69 Cal.Rptr. 480 (1968).

However, to apply this broad definition of "legal action" to matters which, by statute, can be discussed in executive session would render the "closed sessions" provisions of the statute nugatory. Obviously, if any meaningful action is going to be taken in the closed executive session, "deliberations and discussions" must take place. Thus, the attorney general's opinion concludes:

> Accordingly, it is our opinion that all discussions, deliberations, considerations or consultations among a majority of the members of a governing body regarding matters which may foreseeably require final action or a final decision of the governing body, constitute "legal action" and must be conducted in open meeting, *unless an executive session is authorized.*

(Emphasis added.)

Since it is undisputed that calling for the resignation of the town manager would, under A.R.S. § 38–431.03(A)(1), constitute executive session subject matter, if prior to the public meeting the majority members of the town council of Guadalupe had merely met to "discuss and deliberate", we would have no hesitancy in holding such a meeting would not be in violation of the open meeting law.

■ However, A.R.S. § 38–431.03(C) prohibits "final action" from occurring in the executive session meeting and it is alleged that such "final action" occurred either at the informal meeting prior to the executive session or at the executive session itself.[2] We therefore assume for the purposes of this opinion, that the prior meeting of a majority of the council members was in violation of the open meeting law and

therefore any business transacted therein was null and void under A.R.S. § 38–431.-05.[3] The question is then presented as to what is the effect of that null and void legal action.

Here, according to plaintiffs' complaint, the issue of the discharge of Hernandez was brought before the open council meeting by a proper motion and second. There is no allegation that this "regular public meeting" of the town council was not called in compliance with the notice requirements of A.R.S. § 38–431.02. Nor is there any allegation that after the motion was duly made, the plaintiffs, defendants or Mr. Hernandez did not have a fair opportunity to publicly air and discuss the pros and cons of the motion. In short, it appears from plaintiffs' complaint that the ultimate discharge of Mr. Hernandez and the hiring of Mr. Vender fully complied with all the provisions of the open meeting law.

The issue of whether a prior violation of the open meeting law forever precludes the public body from legally taking the action which occurred in the void meeting was presented in *Cooper v. Arizona Western College District Governing Board*, 125 Ariz. 463, 610 P.2d 465 (App.1980). In concluding that prior illegal action did not preclude subsequent legal action, the court held:

> We find no provision in the Arizona statutes relating to public meetings which precludes a public body from adopting at a subsequent public meeting action which was legally ineffective from a previous meeting of the public body [citing *Spokane Education Association v. Barnes*, 83 Wash.2d 366, 517 P.2d 1362 (1974)].

> *       *       *       *       *       *

> We believe the same matter may be considered and adopted again by the board at a duly–noticed public meeting, when

---

**2.** We have some difficulty in squaring the "final action" at the executive session allegation with the allegation that after the request for Hernandez' resignation "little or no discussion or consideration thereof occurred." However, for the purposes of this opinion we deem this contradiction to be immaterial.

**3.** A.R.S. § 38–431.05 provides: "All business transacted in any body during a meeting or public proceedings held in violation of the provisions of this article shall be null and void."

the matter so considered is one ... which the statutes expressly allow to be discussed in executive session.

125 Ariz. at 468–69, 610 P.2d at 470–71.

We agree with this reasoning. Even though plaintiffs have properly alleged a violation of the open meeting law, plaintiffs' complaint also alleges that the prior action was subsequently ratified at a meeting complying with the law.

Under these circumstances the trial court properly concluded that plaintiffs' complaint failed to state a cause of action.

Judgment affirmed.

CONTRERAS, P. J., and OGG, C. J., concur.