663 P.2d 1002

Dolores COONER, Plaintiff-Appellee,

v.

BOARD OF EDUCATION, Phoenix Union High School District No. 210 of Maricopa County, Defendant-Appellant.

No. 1 CA–CIV 5501.

Court of Appeals of Arizona, Division One, Department A.

Nov. 4, 1982.

Rehearing Denied Jan. 21, 1983.

Review Denied March 15, 1983.

Thomas E. Collins, Maricopa County Atty. by John R. Mayfield, Sandor O. Shuch, Deputy County Attys., Phoenix, for defendant-appellant.

Bendheim, Mote & Monson, P.C. by Theodore D. Mote, Phoenix, for plaintiff-appellee.

## OPINION

FROEB, Judge.

The school board in this case decided not to renew the teaching contract of a probationary teacher and complied with the requirements for taking such action required by the teacher tenure law. The case deals with whether the requirements of the Arizona open meeting law were followed by the school board in taking the action not to renew the contract. The opinion which follows holds that there was compliance with the open meeting law and discusses the interrelationship of the two statutory provisions.

## THE RECORD

A complete recitation of the facts and the trial court proceedings is frustrated by the incomplete appellate record before us. This is due in large part to the absence of a transcript of proceedings in the trial court. There is no agreed statement of facts or a narrative statement. We do have before us, however, the pleadings, trial court documents, exhibits, minute entries, memoranda of counsel, and the trial court judgment. We may derive a statement of facts from the pleadings, exhibits, minute entries, and the judgment, however, for purposes of review. *Cubbison v. Cubbison,* 45 Ariz. 14, 40 P.2d 86 (1935). The Arizona Supreme Court has held that in the absence of a reporter's transcript or an appropriate substitute, the reviewing court may consider matters raised on the face of the pleadings. *Gibbs v. Basham,* 53 Ariz. 357, 89 P.2d 630 (1939); *Hall v. Bowman,* 88 Ariz. 409, 357 P.2d 149 (1960). In considering this record in light of the issues presented, we conclude that a reporter's transcript is not essential for our decision as the facts upon which it is dependent are clearly uncontroverted.

Appellant Board of Education, Phoenix Union High School District No. 210 of Maricopa County (hereafter referred to as "the Board") met on or about April 5, 1979, in executive session and discussed reasons for the non-renewal of the teaching contract of appellee Dolores Cooner (hereafter referred to as "appellee"). Appellee was not given advance personal notice that her employment status would be discussed or considered in the executive session. Had she been given such notice, appellee would have demanded that the discussion take place in a public meeting. Thereafter, on April 10, 1979, the Board convened in a public meeting, at which, according to the minutes, the following occurred:

On motion by Mr. Tom and seconded by Mr. Hagadorn, the Board did not renew the teaching contract for Ms. Dolores Cooner beginning with the 1979–80 school year, and authorized the Personnel Office to send a letter to Ms. Cooner, delineating the reasons for nonrenewal of her contract as follows

1. Recurring instances in which Ms. Cooner has left her class without the supervision of a certificated person for various periods of time and without making the necessary arrangements for someone else to supervise the class.

2. Unable to develop a satisfactory working relationship within the department.

On or about April 11, 1979, appellee received written notice from the Phoenix Union High School District that her contract would not be renewed for the 1979–80 school year.

Contending that the action taken by the Board was illegal, appellee demanded that a teaching contract for the school year be issued to her, but the school district refused to do so.

Appellee thereafter filed a civil complaint in the Maricopa County Superior Court pursuant to the Rules of Procedure for Special actions, the Uniform Declaratory Judgments Act, A.R.S. § 12–1831 *et seq.,* A.R.S. § 15–252 (teacher tenure law), and A.R.S. § 38–431 *et seq.,* (open meeting law). After an evidentiary hearing, oral argument to the court, and the submission of legal memoranda, the court entered a judgment

on June 12, 1980, in favor of appellee.[1] The court found "the [Board] violated the Arizona Open Meetings Law by their failure to give prior notification to the plaintiff that her employment status would be discussed in executive session by the Board of Education."

On appeal, the Board raises the following issues:

## I

DID THE SUPERIOR COURT JUDGE ERR BY RULING THAT PERSONAL NOTICE IS REQUIRED UNDER THE ARIZONA PUBLIC MEETINGS AND PROCEEDINGS ACT, A.R.S. § 38–431, et seq., WHEN AN EMPLOYEE IS GOING TO BE DISCUSSED IN AN EXECUTIVE SESSION?

## II

DID THE SUPERIOR COURT JUDGE ERR IN ORDERING THE APPELLANT TO HOLD EITHER A DUE PROCESS HEARING OR ISSUE A CONTRACT AS THE TEACHER WAS AFFORDED ALL OF HER RIGHTS AS A PROBATIONARY TEACHER UNDER A.R.S. § 15–252 AND DO THE PROVISIONS OF A.R.S. § 15–252 TAKE PRECEDENCE OVER THE PROVISIONS OF A.R.S. § 38–431 et seq.

## III

DID THE SUPERIOR COURT JUDGE ERR IN GRANTING RELIEF TO THE TEACHER AS THERE WAS NO DEMONSTRATION OF PREJUDICIAL EFFECT ON THE TEACHER AS A RESULT OF THE FINDING OF AN OPEN MEETING VIOLATION?

## IV

WHILE THE SUPERIOR COURT JUDGE FOUND A VIOLATION OF THE OPEN MEETING LAW BASED ON A CONFLICT IN THE TESTIMONY AS TO WHETHER THE TEACHER WAS NOTIFIED OF THE EXECUTIVE SESSION, DID THE SUPERIOR COURT JUDGE ERR IN GRANTING RELIEF TO THE TEACHER AS THE SAID VIOLATION CONSTITUTED ONLY A MINOR DEVIATION, OR A TECHNICAL VIOLATION WHICH WAS "CURED" BY SUBSEQUENT EVENTS AND AMOUNTED TO ONLY HARMLESS ERROR?

## V

DID THE SUPERIOR COURT JUDGE ERR IN NOT GRANTING APPELLANT'S OBJECTION TO FORM OF JUDGMENT?

1. The full text of the judgment is as follows:

This action coming on for hearing before the Court, the Court having considered defendants' Motion to Dismiss and having denied same, the Court having considered the Memoranda offered by plaintiff and defendants, the Order to Show Cause hearing having been consolidated with the trial on the merits, evidence having been adduced and the Court being fully advised in the premises,

THE COURT FINDS that the defendants violated the Arizona Open Meetings Law by their failure to give prior notification to the plaintiff that her employment status would be discussed in executive session by the Board of Education;

THE COURT FURTHER FINDS that the defendants' failure to comply with the terms of the Arizona Open Meetings Law has placed the plaintiff in a position of a continuing teacher, inasmuch as plaintiff has completed three consecutive years as a full time teacher with the district. Defendant has the alternative of either holding a due process hearing or of recognizing the plaintiff as having a contract to teach for the school year 1979–1980.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff be immediately reinstated to her former teaching position with the district with all rights and privileges due plaintiff in such position, including back pay and other employment benefits which plaintiff would have received but for the wrongful conduct of defendants or, alternatively, notice to plaintiff of her suspension with pay from teaching duties, and with back pay for the beginning of the 1979–1980 school year, together with notice of the board's intention to dismiss plaintiff, all in accordance with the provisions of continuing teachers contained in the Teacher Tenure Act, A.R.S. § 15–251, et seq.

2. Plaintiff is awarded attorney's fees assessed against defendants in the amount of $1,000.00.

In response, appellee presents the following arguments:

I. Arizona's Open Meetings Law, by implication, requires a governing board to give advance notice to an employee of its intent to discuss or consider that employee's status in executive session . . . .

A. The statute specifically grants an employee the right to demand that any discussion or consideration of his employment status be held during a public school board meeting rather than in executive session . . . .

B. An employee cannot reasonably or effectively exercise his statutory right to demand that discussion of his employment status take place in a public meeting unless the board gives advance notice to him of its intent to hold such discussion in executive session . . . .

C. The public is afforded an opportunity of assessing a governing board's performance, and the statute's legislative purpose is furthered thereby, when a public employee exercises his right to demand a public discussion of his employment status . . . .

II. The Superior Court's order to the defendants-appellants to either grant a due process hearing or to reinstate the teacher with full rights and back pay was a grant of equitable relief appropriate to the circumstances . . . .

A. The Superior Court properly found that the school board's failure to comply with the terms of the Open Meetings Law placed the teacher in a position of a continuing teacher . . . . .

B. The school board's public meeting of April 10, 1979 did not "cure" the Open Meetings Law violation occurring at the April 5, 1979 executive session . . . .

C. The Superior Court, as the trier of fact, made findings as to the circumstances in this matter and granted appropriate equitable relief . . . .

In the discussion which follows, we address ourselves only to those issues necessary for disposition of the appeal.

There is no issue in this case concerning the meaning or application of the teacher tenure law as such. Appellee made no contention in the trial court and makes none here that the provisions thereof were not strictly followed when the Board acted not to renew the appellee's teaching contract. Her contentions are based upon the effect imposed thereon by the open meeting law.

## PROBATIONARY TEACHERS UNDER THE TEACHER TENURE LAW A.R.S. § 15–251 ET SEQ.[2]

It is necessary, first, to discuss the teacher tenure law as it applies to appellee. A probationary teacher is a certified teacher who is employed under contract by a school district. A.R.S. § 15–251(A)(3). A probationary teacher may become a continuing teacher with tenure if the teaching contract is renewed for a fourth consecutive year of such employment in the school district. A.R.S. § 15–251(A)(2). The school board must offer a contract for the forthcoming year to a probationary teacher unless on or before April 15 notice is given of the board's intention not to renew the contract. A.R.S. § 15–252(A); *Peck v. Board of Education,* 126 Ariz. 113, 612 P.2d 1076 (App.1980). The notice must be delivered personally to the teacher or sent by registered or certified mail and it must incorporate a statement of reasons for not reemploying the teacher. A.R.S. § 15–252(B). A probationary teacher whose contract has not been renewed is not entitled to a hearing as is a continuing teacher. *Johnson v. Board of Education,* 101 Ariz. 268, 419 P.2d 52 (1966); *Rottenberg v. Cartwright School District,* 22 Ariz.App. 473, 528 P.2d 859 (1974). Unless the reason given for the action of the board in deciding not to renew a contract is so unreasonable, arbitrary and capricious and about which reasonable men would not differ, the court will not review the action of the board in a court proceed-

---

**2.** By legislative amendment in 1981, the teacher tenure law was renumbered and is now found in A.R.S. § 15–501 *et seq.* The statutory refer-ences made herein are to the numbered sections in effect in 1979.

ing. *Chesley v. Jones,* 81 Ariz. 1, 299 P.2d 179 (1956); *Rottenberg v. Cartwright School District, supra.*

## THE OPEN MEETING LAW A.R.S. § 38–431 ET SEQ.

The open meeting law, A.R.S. § 38–431 *et seq.,* was enacted in 1974, although it was preceded in 1962 by a statute declaring that it was the public policy of the state that proceedings of government bodies be conducted openly. Laws 1962, Ch. 138, § 1. It is, nevertheless, correct to say that in substance the teacher tenure law long preexisted the open meeting law, since the former was enacted in 1949.

The purpose and policy of the open meeting law is presently set forth in A.R.S. § 38–431.09, as follows:

> It is the public policy of this state, reflected in this article, that meetings of public bodies be conducted openly. Toward this end, any person or entity charged with the interpretations of this article shall take into account the policy of this article and shall construe any provision of this article in favor of open and public meetings.

The law provides that official meetings of public bodies at which legal action is taken shall be public meetings. A.R.S. § 38–431.01. "[A]ll persons so desiring shall be permitted to attend and listen to the deliberations and proceedings." *Id.* Specific provisions for notice are included. *See* § 38–431.02. Non-public executive sessions to discuss and consider certain specified matters are permitted, but not for the purpose of taking any legal action involving a final vote or decision. A.R.S. § 38–431.03. Business transacted during a meeting or public proceedings held in violation of the open meeting law are null and void. A.R.S. § 38–431.05. There are criminal penalties provided for violation of the open meeting law. A.R.S. § 38–431.06. A person affected may obtain relief in court for violation of the law. A.R.S. § 38–431.07.

As there is no contention in the present appeal that the public proceedings held by the Board on April 10, 1979, violated the open meeting law, we focus on the provisions relating to executive sessions. The majority of the board may vote to hold an executive session for discussion or consideration of employment. A.R.S. § 38–431.03(A)(1). Public notice of an executive session is required and must be given to "the members of the public body, and to the general public, stating the specific provision of law authorizing the executive session." A.R.S. § 38–431.02(B). There is no express provision requiring that notice be given individually to an employee whose employment is to be discussed at an executive session. Although "business transacted" at a meeting held in violation of the open meeting law is "null and void," there is no provision nullifying "discussion" which occurs at a meeting arguably held in violation of the notice provisions.

## THE ARGUMENTS

The heart of appellee's case on appeal is the argued effect of A.R.S. § 38–431.03(A)(1) which provides for the holding of executive sessions for the following purposes:

> Discussion or consideration of employment, assignment, appointment, promotion, demotion, salaries, disciplining or resignation of a public officer, appointee or employee of any public body, except that with the exception of salary discussions, an officer, appointee or employee may demand that such discussion or consideration occur at a public meeting.

While conceding that the April 10th public meeting was itself valid, appellee argues that because she did not receive notice of the executive session at which her employment was discussed, the executive session was invalid and the invalidity carried over to the April 10th meeting to invalidate it as well. This is the basis for the trial court judgment in her favor. More specifically, appellee contends that A.R.S. § 38–431.03(A)(1), *by necessary implication* requires advance notice to her of the executive session, because otherwise the right to demand that the meeting be held open to the public is ineffectual and meaningless. Simply put,

appellee states that one cannot demand public discussion if he does not know he is going to be discussed. At the same time, appellee recognizes that the public discussion gained by such a request would not thereby result in a "hearing," but instead would allow whatever discussion is held to be publicly heard. This is in keeping with A.R.S. § 38–431.01(A), which provides that at a public meeting "all persons so desiring shall be permitted *to attend and listen* to the deliberations and proceedings" (emphasis added). Nevertheless, it is appellee's position that by not being able to force the discussion of her employment into a public meeting, she and the public were denied the salutary effects which might flow from such a discussion. While the Board counters that public "discussion" took place at the April 10th meeting, the limited record before us is silent as to whether "discussion" in fact occurred at that meeting.

The Board opposes appellee's argument, first, by pointing out that A.R.S. § 38–431.-02(B) (dealing with notice requirements for executive sessions) is specific in requiring notice to the board members and the general public, but is altogether silent as to notice to the employee who is to be the subject of the discussion. It then argues that to read such a requirement into the statute would be tantamount to legislating an amendment to the law and that if the legislature had intended such notice it would have included it. The Board argues that the notice provisions of the statute place the onus upon the employee to make a request to the Board that matters affecting the employee be discussed in a public meeting.

The Board next argues that even if we were to read into the statute a requirement for personal notice of a forthcoming executive session, the omission to do so does not nullify the action correctly taken by the Board at the April 10th public meeting. Its argument here is that the regularity of the non-renewal action taken at the April 10th meeting fully satisfies the statutory requirements relating to the nonrenewal of a probationary teacher as well as curing the defect of the executive session.

## INDIVIDUAL NOTICE OF THE EXECUTIVE SESSION WAS NOT REQUIRED

■ The state of the record forces us to narrow our decision on this issue. There is nothing before us to indicate the content or dissemination of the public notice of the executive session if one was given at all. But that is not the question at hand. The focus of appellee's argument is that *no notice was given to her* that the Board would be considering her employment. The trial court finding is that the Board failed to give "prior notification to the [appellee] that her employment status would be discussed in executive session...." We hold that such a requirement does not arise by necessary implication from A.R.S. § 38–431.03(A)(1).

The thrust of the open meeting law is that meetings of public bodies be conducted openly. A.R.S. § 38–431.09. "The intent of the legislature was to open the conduct of the business of government to the scrutiny of the public and to ban decision-making in secret." *Karol v. Board of Education,* 122 Ariz. 95, 97, 593 P.2d 649, 651 (1979). To this end, it is noteworthy that an entire section of the open meeting law is devoted to notice of meetings and nowhere in the legislation is there mention of personal notice to individuals affected by action taken at the meetings. A.R.S. § 38–431.02. This is so even in the specific provision dealing with notice of executive sessions. A.R.S. § 38–431.02(B). It clearly appears that the core of legislative intent is to provide adequate notice to the public. *Carefree Improvement Association v. City of Scottsdale,* 133 Ariz. 106, 649 P.2d 985 (1982). The terms of the statute are plain and unambiguous and there is no basis for construing it to include something that is not there. *See Castregon v. Huerta,* 119 Ariz. 343, 580 P.2d 1197 (1978); *Kilpatrick v. Superior Court,* 105 Ariz. 413, 466 P.2d 18 (1970). This is not a circumstance where we should imply a requirement of individual notice in order to satisfy the constitutional principle of due process of law as that is an appropriate

consideration only where an individual is deprived of a property or liberty interest without an opportunity to be heard. *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). No right to be heard has been asserted, nor is it contemplated in the teacher tenure law as it relates to probationary teachers.

While this question is one of first impression in Arizona, our view is supported by cases from other jurisdictions. *See Amigo v. Board of Education,* 59 Ohio App.2d 231, 394 N.E.2d 331 (1978); *Cole v. Woodcliff Lake Board of Education,* 155 N.J.Super. 398, 382 A.2d 966 (1977). In the latter case, the court held:

> The onus is placed on the employees to make such a written request of the body to hold a public discussion.

> Plaintiff in this case must have been aware of the fact that her contract with the board was due to expire soon and that a question of her securing tenure as secretary with the board was imminent. Thus, for all intents and purposes plaintiff was on notice that her contract of employment would be a subject of discussion when, on March 15, 1977, the board passed a resolution at its public meeting to hold a private session on March 21, 1977, in order to "(1) Review the performance of individual personnel." Yet, plaintiff never made such written request as provided for in N.J.S.A. 10: 4–12(b)(8).

382 A.2d at 969–70.

THE ACTION TAKEN AT THE PUBLIC MEETING OF APRIL 10 SATISFIED THE REQUIREMENTS OF BOTH THE TEACHER TENURE AND THE OPEN MEETING LAW

■ Even if we were to assume that the personal notice to appellee of the executive session was required, we do not find that the failure to give such notice invalidated the action taken at the public meeting held thereafter. The public meeting held on April 10th was properly noticed and the action taken refusing to renew appellee's contract satisfied the requirements of the teacher tenure law. In addition, the Board offered appellee the opportunity at the meeting to be heard, which she declined. Thereafter, written notice of the non-renewal of her contract, satisfying A.R.S. § 15–252 (now A.R.S. § 15–536), was given to her.

There is no contention here that the formulation of the intention not to renew the contract was not made at the public meeting. As pointed out by the Arizona Supreme Court in *Karol v. Board of Education, supra,* the formulation of such intention is a "legal action" within the meaning of the open meeting law and must be taken during a public meeting in conformity with A.R.S. § 38–431.01. Regarding the factual disclosure required to accompany a legal action taken during a public meeting, the court in *Karol* state:

> We do not believe, in order to conduct a meeting openly, the public body need disclose every fact, theory, or argument pro or con raised in its deliberations, or every detail of the recommended decision on which a vote is about to occur. On the other hand, we would not find acceptable a public body calling for vote a recommended action designated only by number, thereby effectively hiding its actions from public examination. We believe therefore that the stated intent of the statute requires that all legal actions be preceded both by disclosure of that amount of information sufficient to apprise the public in attendance of the basic subject matter of the action so that the public may scrutinize the action taken during the meeting, *and* by an indication of what information will be available in the minutes pursuant to A.R.S. § 38–431.01(B) so that the public may, if it desires, discover and investigate further the background or specific facts of the decision.

122 Ariz. at 98, 593 P.2d at 652.

A recent case, *Valencia v. Cota,* 126 Ariz. 555, 617 P.2d 63 (App.1980), is instructive on this issue, although it does not involve the teacher tenure law. In *Valencia,* action was taken at a regular public meeting by the Town Council of Guadulupe to fire the

**18**

town manager. There had been prior non-public sessions relating to the ultimate formal action taken by the council which the court assumed for purposes of the case violated the open meeting law. Although the ultimate action taken at the public meeting complied with the provisions of the open meeting law, it was contended that the prior invalid meetings nullified the council action terminating the employee. The court of appeals rejected this contention and held in effect that proper legal action at the public meeting was not precluded by the earlier sessions. The court relied on a prior court of appeals decision in *Cooper v. Arizona Western College District,* 125 Ariz. 463, 610 P.2d 465 (App.1980), which held:

> We find no provision in the Arizona statutes relating to public meetings which precludes a public body from adopting at a subsequent public meeting action which was legally ineffective from a previous meeting of the public body. [Citing *Spokane Education Association v. Barnes,* 83 Wash.2d 366, 517 P.2d 1362 (1974).]
>
> \* \* \* \* \* \*
>
> We believe the same matter may be considered and adopted again by the board at a duly-noticed public meeting, when the matter so considered is one ... which the statutes expressly allow to be discussed in executive session.

125 Ariz. at 468–69, 610 P.2d at 470–71.

The present case travels in the same company. The executive session, even if invalid, did not prevent correct action from being taken at the public meeting. *See also McLeod v. Chilton,* 132 Ariz. 9, 643 P.2d 712 (1981).

For the reasons set forth, we hold that the Board complied with both the open meeting law as well as the teacher tenure law in reaching its decision not to renew appellee's teaching contract. It is therefore unnecessary to discuss the remaining issues raised by the Board and appellee. The judgment is reversed.

OGG, P.J., and CORCORAN, J., concur.